## BURKE *v.* HOWARD and Others.

Section 321, p. 732, R. S. 1843, is not continued in force by any provision of the Code, and is not law; and it is therefore unnecessary that a decision of the Supreme Court should be filed in the Court below sixty days before further action can be had in that Court.

APPEAL from the *Decatur* Common Pleas.

Burke *v.* Howard and Others.

WORDEN, J.—Action by *Howard* against *Burke* on a re-plevin-bond. This case has been once in this Court before, and the judgment below was reversed. After the cause was remanded, there was a trial and final judgment for the plaintiff.

There were two points made: 1. That the decision of the Supreme Court was not filed below sixty days before the term of the Court at which the cause was tried; and 2. That the finding was not sustained by the evidence.

We can not reverse that judgment on the evidence, as that tends strongly to sustain the finding.

It was not necessary that the opinion of the Supreme Court should have been filed below sixty days in order to en-title the parties to proceed in the case. This point was directly determined in the case of *Williams* v. *Jones*, 14 Ind. R. 363. But it is thought by counsel that the provision in the Rev. Stat. of 1843, requiring the opinion to be filed sixty days, was overlooked. Whether that statute was brought to the attention of the Court or not in *Williams* v. *Jones*, we are of opinion that it is not continued in force. By the present statute, the opinion of the Supreme Court does not go down until the expiration of sixty days from the time it is delivered; but the Clerk immediately notifies the Clerk of the Court be-low of the disposition made of the cause. Thus the parties have sixty days to prepare for further proceedings below, or to file a petition for a rehearing in this Court, before the opinion and judgment are sent down. We have no idea that the Legislature intended to continue the provision in the statutes of 1843 in force, and thereby tie up proceedings in a cause in the Court below, for the space of four months after its determination in the Supreme Court, and the parties have been notified of the decision.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Gavin, Oscar B. Hord,* and *Cortez Ewing,* for appellee.
*Cumback & Bonner,* for appellant.